### Judiciary Not Learned in the Law

CREAMER, Attorney General, October 4, 1972.— From time to time we have received inquiries regarding your appointment power under article V, sec 13, of the Pennsylvania Constitution to vacancies in offices of the minor judiciary. In one instance, we were confronted with the situation of a justice of the peace who had retired with two years remaining in his six-year term. He had been appointed or elected prior to

the effective date of the new Judiciary Article of the Pennsylvania Constitution and remained in office by virtue of §8 of the Schedule to the Judiciary Article. This section provides:

"Notwithstanding any provision in the article, a present justice, judge, or justice of the peace may complete his term of office."

We advised under the circumstances of that case that there was no vacancy for you to fill because section 12 of the Judiciary Article abolished the office of Justice of the Peace once the incumbent completed his term. It was our construction of the Contitution, which we hereby reiterate, that the phrase, "At the completion of *his* term, *his* office is abolished" (schedule to Judiciary Article, sec. 12 (c) ) means that upon completion of the justice's term, whether by death, resignation, incapacity, or expiration of *his* term, *his* office is abolished and is not to be refilled.

Our opinion has now been requested as to whether an appointment should be made to a vacancy caused by virtue of the death of an "associate judge not learned in the law." §9 of the Schedule to the Judiciary Article provides:

"The office of associate judge not learned in the law is abolished, but a present associate judge may complete his term."

Following our earlier opinion, it is our opinion that the Constitution clearly intended to do away with the office of associate judge and merely to allow those in office at the time the new Judiciary Article took effect to complete their terms. Since the associate judge died, his office is abolished and no one should be appointed to fill his term.

We are sending a copy of this opinion to President Judge Greiner of the fifty-ninth Judicial District, who brought the case to our attention.